UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY CHRISTOPHER KIESZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:14-cv-00194- JLT<br><br>ORDER DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Plaintiff Jeremy Christopher Kiesz initiated this action seeking judicial review of the administrative decision denying his application for benefits under the Social Security Act. However, Plaintiff has failed to prosecute the action and failed to comply with the Court's orders to file an opening brief. Accordingly, the action is **DISMISSED** without prejudice.

I.     **Background**

Plaintiff initiated this action by filing his complaint on February 12, 2014. (Doc. 1.) On February 18, 2014, the Court entered its Scheduling Order, setting the applicable deadlines. (Doc. 5.) Defendant lodged the administrative record on August 5, 2014. (Doc. 11.) In the Court's Scheduling Order, Plaintiff was ordered to file an opening brief addressing "each claimed error" by the administrative law judge within 95 days of the lodging of the administrative record. (*See* Doc. 5 at 2-3.) Therefore, Plaintiff was to file an opening brief no later than November 10, 2014. However, Plaintiff failed to file an opening brief in the action.

On December 23, 2014, the Court issued an order to show cause with the action should not be dismissed for Plaintiff's failure to prosecute and failure to comply with the Court's order. (Doc. 12.) Plaintiff was ordered to respond by showing cause why the action should not be dismissed or, in the alternative, to file his opening brief within fourteen days of the date of service, or no later than January 6, 2015. (*Id*.) The Court warned Plaintiff that failure to comply with the Court's order would result in the dismissal of the action. (*Id.* at 1-2.) To date, Plaintiff has failed to comply with or otherwise respond to the Court's order.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g*. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d

983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this action in abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court. The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Notably, Plaintiff was warned that failure to comply with the Court's order to file an opening brief may result in the issuance of sanctions, including dismissal of the action. (*See* Doc. 5 at 4; Doc. 12 at 2.) These warnings satisfy the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

### IV.   Order

Plaintiff failed to comply with the Court's orders dated February 18, 2014 (Doc. 5) and December 23, 2014 (Doc. 12). Moreover, Plaintiff failed to prosecute this action through his failure to file an opening brief.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. This action is **DISMISSED** without prejudice; and
2. The Clerk of Court is DIRECTED to close the action.

IT IS SO ORDERED.

Dated:   **January 12, 2015**             **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

3